UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAYLA REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:19-cv-1158-ACA |
| | ) |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the court on Defendant Walmart, Inc.'s ("Walmart") unopposed[1] motion for summary judgment. (Doc. 19).

Plaintiff Kayla Reed fell while shopping at a Walmart store in Trussville, Alabama. She sued Walmart, alleging that it negligently and wantonly (1) failed to keep its floors free of slippery substances and (2) failed to provide information to hospital personnel and police. (Doc. 1-3). Walmart moves for summary judgment on both of Ms. Reed's claims.

---

[1] The court entered an order instructing Plaintiff Kayla Reed to file a response to Walmart's motion for summary judgment on or before July 20, 2020. (Doc. 21). Ms. Reed did not file a response in opposition to the motion by that deadline. Rather, on August 21, 2020, over one month after her deadline and without receiving leave of court to file an untimely brief, Ms. Reed filed a response in opposition to Walmart's motion for summary judgment. (Doc. 22). The court struck the response for failure to comply with the court's briefing order. (Doc. 23). Therefore, the court considers Walmart's motion unopposed.

Although Ms. Reed failed to oppose Walmart's motion, the court "cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)).  This is because, even when a motion for summary judgment is not opposed, "the movant is not 'absolved of the burden of showing that it is entitled to judgment as a matter of law.'" *Reese v. Herbert*, 527 F.3d 1253, 1268–69 (11th Cir. 2008).

In evaluating whether an unopposed summary judgment motion should be granted, the court is not required to perform a "*sua sponte* review of all the evidentiary materials on file," but must only "ensure that the motion itself is supported by evidentiary materials." *One Piece*, 363 F.3d at 1101–02.  Therefore, the court's review of the record is limited to "the materials submitted by [Walmart] in support of its motion." *Reese*, 527 F.3d at 1269 n.26.[2]

Based on the court's review of those materials, the court finds that Ms. Reed has failed to present sufficient evidence from which a reasonable jury could conclude that a defect on Walmart's premises caused her injuries.  Therefore, the

---

[2] Even if the court considered the materials that Ms. Reed submitted in her untimely response to Walmart's motion for summary judgment, nothing in those materials creates triable issues of fact with respect to either of Ms. Reed's claims.

2

court **GRANTS** summary judgment on Ms. Reed's claim that it negligently and wantonly failed to keep its floors free of defective conditions. In addition, Ms. Reed has failed to identify a duty that Walmart owed her to provide information to hospital personnel or police and, even if such a duty exists, Ms. Reed has not presented evidence of injury or damage as a result of Walmart's breach of that duty. Therefore, the court **GRANTS** summary judgment on Ms. Reed's claim that Walmart negligently or wantonly withheld information from authorities.

I.     BACKGROUND

On a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

Ms. Reed fell and fractured her skull while walking down one of the frozen food aisles at the Trussville, Alabama Walmart. (Doc. 19-1 at 13, 19–20). Ms. Reed has no memory of what led to the fall. (Doc. 19-1 at 13, 20, 27). Ms. Reed does not know what caused her injury. (Doc. 19-1 at 20, 27). She is not aware of anything that was on the floor that caused her to fall. (Doc. 19-1 at 20). She is not aware of anything that fell from above and struck her. (Doc. 19-1 at 20). All Ms. Reed remembers is that while she was looking for hamburger buns, she "walked toward the frozen section" and then "woke up in the hospital." (Doc. 19-1 at 13).

3

Alex Winfrey, an overnight associate at Walmart, heard customers calling for help after Ms. Reed fell. (Doc. 19-2 at ¶¶ 2, 6). Mr. Winfrey responded and saw Ms. Reed on the ground, bleeding from her head. (Doc. 19-2 at ¶ 6). While waiting on paramedics to arrive, Mr. Winfrey looked at the floor of the aisle where Ms. Reed fell. (Doc. 19-2 at ¶ 7). In an affidavit, Mr. Winfrey attests that "[t]he aisle was clean, clear and dry and there were no foreign objects on the floor of that aisle." (Doc. 19-2 at ¶ 7). Mr. Winfrey did not see anything that "could have caused Ms. Reed to fall." (Doc. 19-2 at ¶ 9). There were no shopping cart tracks, footprints, or liquid on the floor. (Doc. 19-2 at ¶ 9).

## II. DISCUSSION

In deciding a motion for summary judgment, the court must determine whether, accepting the evidence in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Hamilton*, 680 F.3d at 1318. "[T]here is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018) (quotation marks omitted). As explained below, Ms. Reed has not created triable issues of fact with respect to either of her claims.

1. <u>Negligence/Wantonness:  Condition of Floor</u>

Ms. Reed's first claim is that she fell and injured her head because Walmart negligently and wantonly failed to keep its floors free of slippery substances. (Doc. 1-3 at ¶¶ 2–3).  Because Ms. Reed alleges that a condition on Walmart's premises caused her injuries, the court applies the principles of premises liability to analyze her claim.  *See Baldwin v. Gartman*, 604 So. 2d 347 (Ala. 1992).

Under Alabama law, to prevail on a premises liability claim based on a fall, a plaintiff must prove (1) that a defect or instrumentality located on the premises caused the fall; (2) that the fall was the result of the defendant's negligence or wantonness; and (3) that the defendant knew or should have known about the about the defect or instrumentality before the accident.  *Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84 (Ala. 1992).  Walmart argues that it is entitled to summary judgment because Ms. Reed has not presented evidence from which a reasonable jury could find that a defect of instrumentality located in the frozen food aisle caused her fall.[3]  The court agrees.

In her complaint, Ms. Reed alleged that a slippery substance on the floor caused her fall.  (Doc. 1-3 at ¶¶ 2–3).  But she has produced no evidence from which a reasonable jury could make that finding.  In fact, the undisputed evidence

---

[3] Walmart also claims that Ms. Reed has not presented evidence that Walmart's negligence or wantonness proximately caused her injury. (Doc. 20 at 16–20). Because the court finds that Ms. Reed has failed to create a triable issue of fact that her fall resulted from a defect or instrumentality on the premises, the court does not consider this alternative argument.

5

is that the the aisle floor where Ms. Reed fell "was clean, clear and dry" and free of any foreign objects. (Doc. 19-2 at ¶ 7).

In her deposition, Ms. Reed repeatedly testified that she does not know what caused her fall. (Doc. 19-1 at 13, 15, 19-20, 26-27). And she has presented no other evidence suggesting that any slippery substance or other item was on the frozen food aisle where she fell. Therefore, Ms. Reed is left only with speculation that some defective condition on Walmart's premises caused her fall, and speculation is insufficient to carry her burden at summary judgment. *See Logan*, 594 So. 2d 83, 84–85 (Ala. 1992) ("Evidence which affords nothing more than speculation, conjecture, or guess is wholly insufficient to warrant submission of a case to the jury."); *Tice v. Tice*, 361 So. 2d 1051, 1052 (Ala. 1978) (recognizing that "[t]here is no presumption of negligence which arises from the mere fact of an injury to an invitee" and affirming summary judgment in favor of landowner because plaintiff "could not state the cause of her fall, only that she believed it must have been caused by stepping" on a toy in the yard).

Ms. Reed has not presented sufficient evidence which would allow a reasonable jury to conclude that a defective condition was present on Walmart's premises, much less that the condition caused her fall. Therefore, Walmart is entitled to summary judgment on Ms. Reed's claim that Walmart negligently and wantonly failed to keep its floors free of a slippery substance.

### 2. Negligence/Wantonness: Failure to Provide Information

Ms. Reed's second claim is that Walmart negligently and wantonly failed to provide requested information to hospital personnel and police authorities. (Doc. 1-3 at ¶ 4). Ms. Reed claims this information was "necessary to determine the proper treatment to save" her life. (*Id.*).

Walmart argues that it was "under no obligation to provide anything to [Ms. Reed] or to anyone acting on her behalf absent a court order or a discovery request." (Doc. 20 at 24). In other words, Walmart contends that it owed no duty to Ms. Reed to provide third parties information concerning treatment for her injuries. Walmart's argument is persuasive.

To prevail on her negligence and wantonness claim based on Walmart's failure to provide treatment information, Ms. Reed must establish that Walmart owed her a duty. *See Lilya v. Greater Gulf State Fair, Inc.*, 855 So. 2d 1049, 1056 (Ala. 2003) ("Without the existence of a duty, [a plaintiff's] negligence and wantonness claims fail as a matter of law."). "[T]he existence of a duty is a strictly legal question to be determined by the court." *Pritchett v. ICN Med. Alliance, Inc.*, 938 So. 2d 933, 937 (Ala. 2006) (quotations omitted). To determine whether a duty exists, the court examines a number of factors, including "(1) the nature of the defendant's activity; (2) the relationship between the parties; and (3) the type of injury or harm threatened." *Taylor v. Smith*, 892 So. 2d 887, 892 (Ala. 2004)

(quotations omitted). "The key factor is whether is whether the injury was foreseeable by the defendant." *Smitherman v. McCafferty*, 622 So. 2d 322, 324 (Ala. 1993).

Ms. Reed has not cited, and the court has not located, a common law or statutory duty of care that a premises owner like Walmart owes to an invitee to provide information about an invitee's injuries to third parties. In the absence of binding authority demonstrating that such a duty exists, the court is not inclined to find a duty under these circumstances.

But even if Walmart had a duty to provide the information that Ms. Reed alleges it withheld, Ms. Reed's negligence and wantonness claim still fails because to prevail on a negligence or wantonness claim, a plaintiff must show that a defendant's conduct caused damage or injury. *Hilyer v. Fortier*, 227 So. 3d 13, 22 (Ala. 2017). And Ms. Reed has not presented sufficient evidence from which a reasonable jury could infer that Walmart's failure to provide information to doctors or police harmed or injured her.

In her complaint, Ms. Reed alleges that Walmart withheld information necessary for life-saving treatment. But in her deposition, when asked about her claim that Walmart refused to provide hospital personnel or police with information, Ms. Reed testified that her neurosurgeon told her "that police had trouble getting access to the videos, that they weren't allowed to look at them at

first, and that's all I know." (Doc. 19-1 at 26). No reasonable jury could infer from this evidence that Ms. Reed was delayed or denied treatment because of any information that Walmart allegedly withheld, and Ms. Reed has presented no evidence that doctors would have treated her differently based on the information.

Accordingly, assuming Walmart had a duty to provide information to third parties regarding Ms. Reed's treatment, Ms. Reed's negligence and wantonness claim on this basis fails a matter of law because she has not created a triable issue of fact regarding how Walmart's failure to provide information damaged or injured her. Therefore, Walmart is entitled to summary judgment on Ms. Reed's claim that Walmart negligently and wantonly withheld treatment information.

## IV. CONCLUSION

The court **GRANTS** Walmart's motion for summary judgment (doc. 19) and **WILL ENTER JUDGMENT AS A MATTER OF LAW** in favor of Walmart and against Ms. Reed on all of her claims.

The court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this September 21, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE